IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES J. DAVIS,
    Petitioner,

vs.                                                      Case No.: 5:15cv307/MMP/EMT

JULIE L. JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 6).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 15).  Petitioner filed a response in opposition to the motion (ECF No. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that

Respondent's motion to dismiss should be granted, and the amended habeas petition dismissed as untimely.

I.  BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 15).[1]  Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case No. 2011-CF-71, with one count of extortion (Count I), one count of grand theft (Count II), and one count of unlawful use of a two-way communications device (Count III) (Ex. B).  Following a jury trial, Petitioner was found guilty as charged (Exs. D, E).  The court sentenced Petitioner as a habitual felony offender to twelve (12) years in prison on Count I, and five (5) years in prison on Counts II and III, to run concurrently with each other and with the sentence on Count I, and with pre-sentence jail credit of 299 days on all sentences (Exs. F, G).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D11-6251 (*see* Ex. H).  Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. I).

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 15) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 5:15cv307/MMP/EMT

Petitioner was granted leave to file a pro se initial brief, and he did so (Exs. J, K).  The First DCA affirmed the judgment per curiam without written opinion on October 2, 2012, with the mandate issuing October 30, 2012 (Ex. L).  Davis v. State, 98 So. 3d 570 (Fla. 1st DCA 2012) (Table).

On July 9, 2012, during the pendency of the direct appeal, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D12-3401, alleging ineffective assistance of appellate counsel (Ex. M).  The First DCA denied the petition on August 2, 2012 (Ex. N).  Davis v. State, 94 So. 3d 585 (Fla. 1st DCA 2012) (Table).

On October 18, 2012, Petitioner filed a motion for reduction or modification of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Exs. O, P).  The state circuit court denied the motion in an order rendered December 27, 2012 (Ex. Q).

On December 24, 2012, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in the state circuit court (Exs. R, S).  The circuit court struck the motion as facially insufficient on June 11, 2013, with leave to file an amended motion within 30 days (Ex. T).  Petitioner timely filed an amended motion (Exs. U, V).  The circuit court summarily denied the

motion in an order rendered September 30, 2013 (Ex. W).  Petitioner appealed the decision to the First DCA, Case No. 1D13-4844 (Ex. X).  The First DCA affirmed the lower court's decision per curiam without written opinion on March 13, 2014, with the mandate issuing May 8, 2014  (Ex. Z).  Davis v. State, 136 So. 3d 596 (Fla. 1st DCA 2014) (Table).  Petitioner sought review in the Supreme Court of Florida, Case No. SC14-908 (Ex. BB).  On May 12, 2014, the Supreme Court of Florida dismissed the case for lack of jurisdiction (Ex. CC).   Davis v. State, 143 So. 3d 917 (Fla. 2014) (Table).  In July of 2014, Petitioner apparently filed a "notice of appeal" in the supreme court case (Case No. SC14-908) (Ex. DD).  The Supreme Court of Florida returned the filing to Petitioner on July 24, 2014, advising him that the United States Supreme Court was the appropriate court to seek review a decision of the Supreme Court of Florida (Ex. EE).  The state supreme court enclosed a "sample packet" to assist Petitioner in filing a petition for review in the United States Supreme Court (*see id.*).  On or about August 12, 2014, Petitioner apparently attempted to file a petition for certiorari review in the United States Supreme Court (*see* ECF No. 1 at 4; ECF No. 6 at 4; ECF No. 15, Ex. EE).  Petitioner alleges the Supreme Court dismissed the filing as untimely (*see* ECF No. 6 at 4).  Respondent asserts there is no record of the petition having been actually filed in the United States Supreme Court (*see* Ex. FF).

Case No.: 5:15cv307/MMP/EMT

On June 11, 2015, Petitioner filed a petition for writ of habeas corpus in the state circuit court (Ex. GG). The court construed the petition as a Rule 3.850 motion, and dismissed it as untimely in an order rendered July 15, 2015 (Ex. HH).

On October 6, 2015, Petitioner filed another habeas petition in the state circuit court (Ex. II). The court dismissed the petition as "untimely, insufficient, or otherwise not cognizable in a Rule 3.850 motion" (Ex. JJ).

Petitioner commenced the instant federal habeas action on November 17, 2015 (*see* ECF No. 1 at 7). In his amended petition, he asserts the following three claims:

> Ground One: "Insufficient counsel; trial counsel failed to impeach the State's key witness (victim) after she perjured her testimony 3 times under oath during depo. April 2011 and during trial 9-28-11."
>
> Ground Two: "State hab[eas] rejected by 14 Cir."
>
> Ground Three: "Insufficient counsel allowed the State to play a telephone recording 'audio tape' to the jury without first identifying the speakers on the telephone line."

(ECF No. 6 at 5, 6, 8).

Respondent contends the petition should be dismissed as untimely (ECF No. 15). In Petitioner's response, he contends he is entitled to review of his federal petition pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012) (ECF No. 6 at 13; ECF No. 19).

Case No.: 5:15cv307/MMP/EMT

## II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent argues that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 15 at 4). Petitioner does not argue that a

different statutory trigger applies, and thus does not appear to dispute that the finality date of the judgment is the appropriate trigger for the federal limitations period.

Under federal law, the judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Here, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance of Petitioner's conviction on October 2, 2012, and it expired 90 days later, on December 31, 2012. Therefore, the statute of limitations began to run on January 1, 2013, the day after the 90-day period for Petitioner to file a petition for review in the United States Supreme Court expired.

Section 2244(d)(2) provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  In this case, Petitioner filed a Rule 3.850 motion, which qualifies as a tolling motion under § 2244(d)(2), on December 24, 2012, prior to commencement of federal limitations period.[2]  The motion was pending until May 8, 2014, upon issuance of the First DCA's mandate on appeal of the circuit court's denial of the Rule 3.850 motion.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  The federal limitations period recommenced the day after the First DCA's mandate, on May 9, 2014, and expired one year later, on May 11, 2015.[3, 4]

---

[2] Petitioner filed other applications for state post-conviction relief prior to December 24, 2012, but those applications reached final disposition prior to December 24, 2012, and thus do not affect the federal limitations calculation.

[3] *See* Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (noting that limitations period should be calculated using "the anniversary date of the triggering event"). Because the anniversary date fell on Saturday, Petitioner had until the following Monday in which to file his federal petition.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[4] None of the pleadings filed by Petitioner in the state court, or purportedly in the United States Supreme Court, between May 9, 2014 and May 11, 2015, were "properly filed" for purposes of § 2244(d)(2), and thus did not toll the federal limitations period, because the pleadings were dismissed for lack of jurisdiction, rejected for filing and returned to Petitioner, or dismissed as

Petitioner's state habeas petitions, filed in June of 2015 and October of 2015, did not toll the federal limitations period because the limitations period had already expired. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).  Petitioner did not file his federal habeas petition until November 17, 2015, six months <u>after</u> the limitations period expired.

In Petitioner's initial § 2254 petition, he made the following argument in support of his position that his federal petition is not time-barred:

> The two year statute of limitations does not bar the instant petition because of trial counsel's procedural defaults during pretrial stages, jury trial, and on direct appeal, denying him a fair trial and direct appeal; direct appeal was improperly filed, unauthenticated evidence was used to obtain conviction, trial counsel failed to object.  Trial counsel failed to impeach state's key witness, victim, after perjured testimony.

(ECF No. 1 at 4).  In his amended § 2254 petition he argued:

> Under Article V, Sec. 5(6) and Fla. Rules of App. P. 9.030(c), habeas corpus is proper remedy to challenge procedurally defaults [sic]

---

untimely.  *See* Allen v. Siebert, 552 U.S. 3, 7, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (state time limits, no matter their form, are filing conditions, and thus, state post-conviction relief petition is not "properly filed" within meaning of tolling provision of AEDPA's imitations period for federal habeas petitions, if it was rejected by state court as untimely); Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); Artuz v. Bennett, 531 U.S. 4, 8–9, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).("An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . .  If . . . an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*) (emphasis in original) (footnote omitted).

Case No.: 5:15cv307/MMP/EMT

made by trial counsel and timeless [sic] motions. Martinez v. Ryan, 132 S. Ct. 1309 at 1310 (U.S. Apr. 2012).

(ECF No. 6 at 13). Petitioner also cited Martinez in his reply to Respondent's motion to dismiss (ECF No. 19).

The Eleventh Circuit Court of Appeals has expressly held that Martinez did not recognize a new rule of constitutional law and thus has no effect on the triggering date for the one-year AEDPA statute of limitations under section 2244(d)(1), nor does Martinez provide a basis for equitable tolling of the limitations period. *See* Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262–63 (11th Cir. 2014) (citing Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 945–47 (11th Cir. 2014); Arthur v. Thomas, 739 F.3d 611, 629–31 (11th Cir. 2014). Therefore, Petitioner's reliance upon Martinez affords him no relief in overcoming the federal time bar.

III.   CONCLUSION

Petitioner's § 2254 petition was not filed within the AEDPA's one-year statutory limitations period. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 15) be **GRANTED**.

2.	That the amended habeas petition (ECF No. 6) be **DISMISSED** with prejudice as untimely.

3.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of September 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**